UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA SUE VARTINELLI, on behalf
of and as a personal and legal
representative of real party-in-interest
CARLO VARTINELLI,

Case No. 1:14-cv-45

Honorable Gordon J. Quist

                Petitioner,

v.

SHERRY BURT,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2254 by Debra Sue Vartinelli, "on behalf of and as a personal and legal representative" of Carlo Vartinelli, a state prisoner and the real party-in-interest. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the amended petition (docket #7) must be dismissed because Debra Sue Vartinelli lacks standing to pursue this action on behalf of real party-in-interest Carlo Vartinelli.

**Factual Allegations**

Carlo Vartinelli presently is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility. Following a jury trial in Houghton County Circuit Court, he was convicted of one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b. On September 18, 1992, the trial court sentenced him to a term of life imprisonment.

On December 26, 2013, Debra Sue Vartinelli, acting on Carlo Vartinelli's behalf, filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Michigan (docket #1). That action was transferred to this Court on January 13, 2014 (docket #2). On January 27, 2014, Debra Sue Vartinelli, acting on Carlo Vartinelli's behalf, filed an amended petition in this Court (docket #7).

**Discussion**

A petition for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. To act on a prisoner's behalf, a putative next friend must establish that the prisoner is unable to prosecute the action on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-164 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must demonstrate "the propriety of his status" in order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163. "A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if

the detainee himself could file the petition." *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989) (citing *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978)).

The burden is on the "next friend" to "establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. The putative next friend must clearly and specifically set forth facts sufficient to satisfy the Art. III standing requirements because "[a] federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing." *Id.* at 155-156. Most significantly, "when the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (cited with approval in *Whitmore*, 495 U.S. at 163).

Upon review, the Court concludes that Ms. Vartinelli lacks standing to proceed on Carlo Vartinelli's behalf. Ms. Vartinelli has not satisfied the requirements to qualify for next friend status. First, she does not assert, or provide any evidence, that Mr. Vartinelli is incompetent or otherwise incapable of pursuing the instant action on his own behalf. The last paragraph of the power of attorney signed by Mr. Vartinelli and attached to the petition (docket #1, Page ID#16) states that he grants certain enumerated powers to Ms. Vartinelli "with my full mental capacities since my health has been affected and continues to deteriorate and I am not able to exercise the rights I now have and those right I may possess in the future." This statement is insufficient to satisfy the requirements necessary to establish the necessity of a "next friend." *See Whitmore*, 495 U.S. at 163-164.

Second, Ms. Vartinelli has not demonstrated that she is dedicated to Mr. Vartinelli's best interests. She has not identified herself nor has she explained her relationship, if any, to Mr.

Vartinelli. Additionally, the power of attorney attached to the petition does not, by itself, transform Ms. Vartinelli into a "next friend" with the authority to pursue this action on Mr. Vartinelli's behalf. *See Weber*, 570 F.2d at 513 (individual with power of attorney could not act as attorney for habeas petitioner without establishing necessity for resort to "next friend" device). Consequently, Ms. Vartinelli lacks standing to pursue this action and the Court is without jurisdiction to consider it.

## Conclusion

In light of the foregoing, the Court will summarily dismiss the amended petition (docket #7) pursuant to Rule 4 for want of jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Ms. Vartinelli has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of this action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined each claim raised in the petition under the *Slack* standard.

This Court denied Ms. Vartinelli's application on the procedural grounds that Ms. Vartinelli lacks standing to pursue the application and, as a result, the Court lacks jurisdiction to consider it. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition for want of jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Ms. Vartinelli a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 7, 2014            /s/ Gordon J. Quist
                                                                     GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE